IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY SCOTT JOHNSON, 1024898,  )  <br> Petitioner,  )  <br>  ) <br> v.  ) <br>  ) <br> NATHANIEL QUARTERMAN, Director,  ) <br> Texas Department of Criminal Justice,  ) <br> Correctional Institutions Division,  ) <br> Respondent.  ) | 3:06-CV-0924-M |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated at the Telford Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in New Boston, Texas. Respondent is the Director of TDCJ-CID.  The Court did not issue process, pending preliminary screening.

Statement of the Case:  Following his plea of not guilty, Petitioner was convicted of aggravated sexual assault in the 195th District Court of Dallas County, Texas, in Cause No. F99-72651.  Punishment was assessed at life imprisonment. (Federal Petition (Pet.) at 2).  His conviction was affirmed on direct appeal.  Johnson v. State, No. 05-01-00169-CR (Tex. App. --

Dallas, no pet). Subsequently, Petitioner filed two state habeas corpus applications. The Texas Court of Criminal Appeals denied the first application and dismissed the second for non-compliance with the appellate rules. Ex parte Johnson, Nos. 56,803-03 and 06.

Petitioner has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction in this case. See Johnson v. Dretke, 3:04-CV-1357-M (N.D. Tex., Dallas Div.) (consolidated with 3:04cv1358-M). On January 3, 2006, the District Court adopted the recommendation of the Magistrate Judge and dismissed the habeas corpus petition as barred by the one-year statute of limitations. Id. Petitioner did not appeal. [1]

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his conviction for aggravated sexual assault. He alleges four grounds which were raised at least in part in his 2004 federal petition. He alleges (1) his conviction was acquired due to multiple violations of the United States Constitution, resulting in a miscarriage of justice; (2) the trial judge failed to inquire into Petitioner's motion to appoint new counsel; (3) he was denied the effective assistance of counsel; and (4) the evidence was insufficient to support his conviction. (Petition ¶ 20).

Findings and Conclusions: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can

---

[1] The prior federal petition raised four grounds for relief: (1) the trial court committed error; (2) there was insufficient or no evidence to support the conviction; (3) he received ineffective assistance of counsel; and (4) the evidence against him was obtained by an illegal search and seizure.

be heard in the district court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In Crone v. Cockrell, the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" 324 F.3d 833, 836 (5th Cir. 2003) (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone, 324 F.3d at 836-37.

The claims that Petitioner seeks to raise in this habeas action were presented at least in part his initial federal petition. See Findings and Conclusions filed on December 12, 2005, and adopted on January 3, 2006, in Johnson v. Dretke, No. 3:04cv1357-M. The federal petition is, therefore, "second or successive" under the AEDPA. United States v. Orozco-Ramirez, 211 F.3d 862, 866-871 (5th Cir. 2000).[2]

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file his present petition for habeas corpus relief, this Court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir.

---

[2] Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. See Villanueva v. United States, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); Donaldson v. United States, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); see also Anders v. Cockrell, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

3

2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 21st day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.